14784. TURNER *v.* GEORGIA-ALABAMA COCA-COLA BOTTLING CO.

BROYLES, C. J. This was a suit for the breach of a contract of employment, and the only issue raised by the pleadings was whether the plaintiff was discharged by the defendant, the plaintiff contending that he was wrongfully discharged, and the defendant contending that the plaintiff had not been discharged but had voluntarily quit his position. Under these facts it was reversible error for the court to charge as complained of in grounds 4 and 5 of the motion for a new trial. It follows that the court erred in overruling the motion for a new trial.

· *Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 13, 1923.

Action for breach of contract; from city court of Greenville— Judge McGraw. June 6, 1923.

Grounds 4 and 5 of the motion for a new trial are:

(4) "Movant says the court erred in charging the jury as follows: 'In passing on the question of whether or not the defendant was wrongfully discharged, if you find he was discharged by the defendant (remembering that the parties are at issue as to whether the discharge was made), you take all the evidence and circumstances and see if the plaintiff's conduct toward the other employees and customers of the defendant was such as to annoy them, and by such annoyance prevent them from working for the defendant, or to keep them from trading or continuing business with the defendant, as is alleged by the defendant; and also look and see if the plaintiff failed to do the work or duties that he contracted to do; and if you find that his conduct was such as to annoy and prevent the defendant's customers trading with the defendant, or if he was failing to do what he had contracted to do for the defendant, then the defendant could legally discharge the plaintiff.' (*a*) This charge gives the defendant full benefit of having lawfully discharged the plaintiff, when in fact the defendant denies discharging the plaintiff, both in his answer and in testimony. (*b*) This charge is in error as it fails to state the principle of law that if plaintiff was discharged by the defendant, the burden would be on the defendant to show justification; and the court nowhere charged this principle. (*c*) It does not fully and fairly state the issues."

(5) "Movant says that the court erred in the following charge to the jury: 'And I charge that where parties, in the course of the execution of a contract, depart from its terms and pay and

receive money under such departure, before either can recover for failure to pursue the letter of the agreement reasonable notice must be given the other of the intention to rely on the exact terms of the agreement. Until such notice the departure is a quasi new agreement. So you look to the evidence and see if the plaintiff relied on his contract and gave proper notice, if he had made a contract to do special work and was put to do other work. If he relied on his contract to do special work and gave proper notice to the defendant, then he can recover under the rules I have already given you in charge. If he did not, if he failed to give reasonable notice to the defendant and went ahead in such a manner as to lead the defendant to believe that he did not rely on the letter of the original contract, then he could not recover.' This charge is error as it was not the contention of plaintiff, and was inapplicable and confusing and misleading to the jury. Plaintiff's whole suit is based on the fact and theory that he was discharged, and he denies that he quit because of any change in the work, and never claimed to have given the notice referred to in the charge complained of."

The defendant's plea, after denying material allegations of the plaintiff's petition, alleged: "5th. That soon after plaintiff began work at the plant at Manchester he became very disagreeable with all of the other employees at said plant, and his conduct was such that the other employees threatened to leave said plant on account of his conduct. 6th. Defendant then removed him from the plant where he was working and placed him upon the road to sell and deliver coca-cola and other soft drinks. He was disagreeable towards customers and came near having a fight with several of them, and drove some of defendant's customers away from him on account of his disagreeable conduct, yet defendant bore with all this and did not discharge him, though it had a perfect right to do so on account of his conduct. 7th. On or about the 13th day of March, 1919, plaintiff, without any just cause or reason, quit the employment of defendant, without giving defendant any notice of his intention to quit, and also at the same time withdrew from the service of defendant his son, Corbett Turner, forcing defendant to go out and employ other laborers to run its plant, at a loss to defendant in the sum of —— dollars." The plea contained additional allegations as to the irritability of the plaintiff, his ill treatment of coemployees, and his inability to "get along with the customers of defendant."

The defendant's president, M. A. Copeland, testified, that the plaintiff was high tempered and disagreeable to other employees of the defendant, and on several occasions cursed some of them, and was disagreeable to the defendant's customers, and "a good many of them were threatening to quit" the defendant. The witness added: "I bore with all of this and tried to get on with him as best that I could. One morning in the office I was talking to him about the business and he grew very angry and threw his order book on the table and started out. I asked him what he meant by that. He said, 'You see what I have done. I have quit.' He then walked out of the plant. I did not discharge him. He quit." There was other evidence to the same effect. The plaintiff testified that he was discharged, and did not quit the defendant's service of his own motion; that he told Mr. Copeland that he was ready to live up to his contract and expected Mr. Copeland to let him live up to the contract and work it out.

*Jones & Jones,* for plaintiff.    *J. F. Hatchett,* for defendant.